**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**DELAWRENCE FOGGY, #B84899,**

**Plaintiff,**

**vs.**

**ILLINOIS DEPARTMENT OF CORRECTIONS, WEXFORD HEALTHCARE SERVICE, KIMBERLY BUTLER, and TONYA SMITH,**

**Defendants.**

**Case No. 16-cv-01201-SMY**

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Delawrence Foggy, an inmate who is currently incarcerated at Western Illinois Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for the deprivation of his constitutional rights while an inmate at Menard Correctional Center ("Menard"). Plaintiff claims he was subjected to extreme heat while in his cell at Menard and received inadequate care when he lost consciousness as a result. (Doc. 1, pp. 7, 9). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening –** The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). Plaintiff's Complaint does not survive preliminary review under this standard.

**The Complaint**

According to the Complaint, Foggy was transferred to Menard on June 12, 2016. (Doc. 1, p. 7). Foggy allegedly spoke with a corrections officer at the prison about an "extreme heat problem." *Id*. He requested a fan but was denied. *Id.* He then requested to speak with a sergeant about the situation but was denied that as well. *Id.* Foggy eventually passed out from exposure to the "extreme 'hot.'" *Id*. Nurse Smith came to his cell, took his "blood pulse" and found it was "very, very, low." *Id.* Even so, Foggy was refused treatment by Wexford Healthcare Service. (Doc. 1, p. 3). Foggy wrote a grievance to Warden Kimberly Butler to complain about the conditions of his confinement and/or the incident, but she did not respond. (Doc. 1, p. 9).

Foggy now brings suit against the Illinois Department of Corrections ("IDOC"), Wexford Healthcare Service ("Wexford"), Kimberly Butler ("Warden Butler") and Tonya Smith ("Nurse

Smith") for depriving him of his constitutional rights. He requests monetary damages against them. (Doc. 1, p. 8).

**Discussion**

The Court finds it convenient to divide the Complaint into the following enumerated counts. The organization of these counts should not be construed as an opinion regarding their merits. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Count 1:** Defendants exhibited deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment when they refused him treatment for heat exposure and a "low blood pulse."

**Count 2:** Defendants subjected Plaintiff to unconstitutional conditions of confinement in violation of the Eighth Amendment when they failed to provide him with a fan or remedy the "extreme heat" in Menard on or around June 12, 2016.

As discussed in more detail below, both Counts 1 and 2 will be dismissed for failing to state a claim upon which relief may be granted. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.

**Count 1 – Medical Needs**

Foggy claims that he received inadequate medical treatment during his incarceration at Menard. The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. *See Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). To state a claim, a prisoner must show that: (1) he suffered from an objectively serious medical need; and (2) state officials acted

with deliberate indifference to the prisoner's medical need, which is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001).

A medical need is "serious" where it has either "been diagnosed by a physician as mandating treatment" or where the need is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). Whether an injury is serious enough is a very fact specific inquiry—seriousness may be shown if an ordinary doctor opined an injury warranted treatment, if an injury significantly impacted an individual's daily activities, or if an injury caused chronic or substantial pain, among other things. *Id.*

Foggy has failed to establish that his medical need was objectively "serious." Instead, he merely states that he passed out and was treated by Nurse Smith for a low "blood pulse." (Doc. 1, p. 7). Foggy does not allege that he suffered from pain, serious health consequences or a permanent injury as a result of heat exposure, nor does he provide any indication that treatment was warranted.

The Complaint also fails to satisfy the subjective component of this claim. Deliberate indifference is established when prison officials "know of and disregard an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Farmer*, 511 U.S. at 834). To be liable under section 1983 "an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (citations omitted). A supervisor may be liable for deliberate, reckless indifference for the misconduct of subordinates

if it can be shown that the supervisor knew about the conduct and facilitated it, approved it, condoned it, or turned a blind eye to it for fear of what they might see. *See id.* (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). A corporate entity will incur liability in a civil rights action only where it established a policy that directly caused the constitutional violation. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004).

Here, Foggy asserts that he was refused treatment but does not allege that he needed it, requested it or directed a request for treatment to a defendant. (Doc. 1, p. 3). Moreover, Nurse Smith treated him when she visited him in his cell and, at minimum, took his "blood pulse." (Doc. 1, p. 7). Foggy does not explain what more, if anything, Nurse Smith should have done. Foggy also fails to allege any Wexford policy or practice that could have caused the alleged violation.

With respect to Warden Butler, Foggy asserts that there "was a grievance written to Warden Kimberly Butler" but that she refused to reply back. (Doc. 1, p. 9). He does not indicate what the grievance said and he does not allege that she was otherwise involved with the alleged lack of treatment. *See Perez v. Fenoglio*, 792 F.3d 768, 781-782 (7th Cir. 2015) (grievance defendants may be liable for deliberate indifference to a serious medical need where a detailed grievance puts officials on notice of deprivation and no action is taken to address matter). Without stating more, there are insufficient facts to render Nurse Smith, Wexford, or Warden Butler liable.

Further, Foggy cannot proceed with this claim for monetary relief against IDOC. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983" who are subject to suit. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). The State of Illinois and its agencies are also shielded from suits for money

damages on sovereign immunity grounds because the Eleventh Amendment prohibits private parties from filing a federal lawsuit for money damages against a state, state agency, or state official unless the state waives its Eleventh Amendment immunity by consenting to suit, or Congress unequivocally abrogates the state's immunity. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). Illinois has not consented to suit in this case, and it is well-settled that Congress did not abrogate states' sovereign immunity when it enacted § 1983. *Id.*; *Quern v. Jordan*, 440 U.S. 332, 342 (1979). Because Foggy seeks only money damages in this suit, the Illinois Department of Corrections must also be dismissed.

Foggy has not provided "enough facts to state a claim to relief that is plausible on its face" and has satisfied neither the objective nor subjective branches of the applicable standard for deliberate indifference claims. *Twombly*, 550 U.S. at 570. Count 1 will therefore be dismissed without prejudice.

**Count 2 – Conditions of Confinement**

Foggy also claims he experienced unconstitutional conditions of confinement when he was subjected to "extreme heat" while incarcerated at Menard. Determining what conditions might constitute a violation of the Eighth Amendment is a factually nuanced inquiry. *See Gillis v. Litscher*, 498 F.3d 488, 492-495 (7th Cir. 2006) (collecting cases). While certain conditions in isolation may not constitute an Eighth Amendment violation, those same conditions taken together may state a claim. *Id.* at 493. Under the Eighth Amendment, life's necessities include shelter and heat. *Id.* (citations omitted). The Seventh Circuit has also found that conditions such as confinement in a cold cell without bedding or clothing, confinement without a bed for two days, denial of clothing for three days, and denial of any human interaction or personal property

for three days or more could be conditions that contribute to the existence of an Eighth Amendment violation. *See id.* at 492-95.

By contrast, temporary discomforts or inconveniences are not sufficient to state a constitutional violation. *See e.g. Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988) (holding that being detained for five days in a roach infested cell without hygiene items was not an Eighth Amendment violation where the incident was isolated to just one inmate). In *Harris*, the Seventh Circuit noted that even though the inmate suffered considerable unpleasantness, the conditions of his confinement did not lead to actual physical harm. *Harris*, 839 F.2d at 1235. Similarly, in *Green v. Walker*, 398 Fed. App'x 166, 169 (7th Cir. 2010), the Seventh Circuit refused to overturn summary judgment in favor of prison officials when the prisoner had "not pointed to any evidence reflecting that the heat carried on at extreme level for an extended duration or that he suffered any harm from the heat."

Foggy's allegations are insufficient to state conditions of confinement claim. He does not specify how long he was forced to endure the heat or how hot he believes it actually was. He also does not indicate who he told about the issue, other than one unnamed corrections officer who is not a defendant in this action. His vague reference to a grievance that he filed with Warden Butler lacks necessary detail to support a conditions of confinement claim, even at this early stage. He also does not allege that he suffered any lasting harm. At this juncture, Foggy has not presented sufficient factual allegations to proceed with this claim beyond threshold screening. Therefore, Count 2 shall be dismissed without prejudice for failure to state a claim.

**Disposition**

**IT IS HEREBY ORDERED** that, for the reasons stated above, **COUNTS 1** and **2** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted

against all of the defendants.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **February 17, 2017.** Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action (*i.e.* 16-cv-1201-SMY). The pleading shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated to the Eighth Amendment deliberate indifference and conditions of confinement claims will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed. To enable Plaintiff to comply with this order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint.

Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 20, 2017**

**s/ STACI M. YANDLE**
**U.S. District Judge**