# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DELAWRENCE FOGGY, #B84899,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-01201-SMY |
| | ) |
| **ILLINOIS DEPARTMENT OF CORRECTIONS, KIMBERLY BUTLER, and UNKNOWN,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Delawrence Foggy, an inmate who is currently incarcerated at Danville Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for the deprivation of his constitutional rights at Menard Correctional Center ("Menard"). In his First Amended Complaint, Plaintiff claims that he was subjected to extreme heat while in his cell at Menard that resulted in extreme discomfort and potentially life-threatening physical symptoms. (Doc. 8). This case is now before the Court for a preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The First Amended Complaint survives preliminary review under this standard.

### First Amended Complaint

According to the allegations in the First Amended Complaint, Plaintiff was transferred to Menard on June 12, 2016. (Doc. 8, p. 5). He was placed on 24-hour lockdown in a small one man cell with no window, no fan and no air conditioning unit. *Id*. The temperature in the cell was over 100 degrees and Plaintiff was forced to suffer in this extreme heat for two weeks. (Doc. 8, pp. 5-6). He "complained to all officers on all shifts about the extreme heat but they seem[ed] not to care for [his] health or conditions." (Doc. 8, p. 5). Plaintiff was on a court writ, so he was unfamiliar with the officers' names and badge numbers, particularly because none of the officers "really stopped to talk to [him]." *Id.* The officers acted like they were not responsible for Plaintiff's health because he was not a permanent inmate at their facility, despite Plaintiff's complaints that he feared for his life, was having trouble breathing and had a high body temperature, and the fact that there had been numerous heat strokes among the inmates at Menard. *Id.* Plaintiff also passed out on the floor more than once during this time. *Id.*

Although there were fans at the facility, the officers declined to give Plaintiff one until he had already suffered for a significant period of time, and also failed to allow him to purchase a fan from commissary despite Plaintiff having funds available to do so. *Id.*

Plaintiff alleges that the conditions were so severe that he could have died. *Id.* Once, when he passed out on the floor, he was awoken by Nurse Tonya Smith who found that Plaintiff's blood pressure was not normal and that his pulse was very low. (Doc. 8, p. 6). She informed the officers that Plaintiff's body was overheated. *Id.* Plaintiff believes that the officers failed to do their jobs and that the warden was "personally involved because they may have directly participated in the infraction." *Id.* He alleges that this situation caused him to suffer, caused him stress and involved unhealthy conditions that created "a life or death situation." *Id.*

Plaintiff brings suit against the Illinois Department of Corrections ("IDOC"), Kimberly Butler ("Warden Butler") and unknown officers working at Menard on Gallery 7 of North 2 during the relevant period ("Unknown defendants") for depriving him of his constitutional rights. He requests monetary damages.

## Discussion

Given the amended allegations, the Court finds it appropriate to designate a single count in this case going forward. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

> **Count 1:** Defendants subjected Plaintiff to unconstitutional conditions of confinement in violation of the Eighth Amendment when they delayed providing him with a fan and failed to remedy the "extreme heat" in Menard on or around June 12, 2016.

As discussed in more detail below, Count 1 will proceed past threshold. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

The legal framework for this claim is set forth in the Court's initial Screening Order dated January 20, 2017. (*See* Doc. 5). Therefore, the Court will not repeat its discussion of the applicable legal standards here, but fully incorporates the discussion contained in the initial Screening Order by reference herein. *Id.* That said, the Court finds that the First Amended Complaint states a plausible Eighth Amendment claim against the unknown defendants. Accordingly, Count 1 shall receive further review.

However, Plaintiff has failed to state a claim against Warden Butler and IDOC. With respect to Warden Butler, it is well established that "[f]or constitutional violations under § 1983 ... a government official is only liable for his or her own misconduct." *E.g.*, *Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. June 5, 2015). "This means that to recover damages against a prison official acting in a supervisory role, a § 1983 plaintiff may not rely on a theory of *respondeat superior* and must instead allege that the defendant, through his or her own conduct, has violated the Constitution." *Perez v. Fenoglio,* 792 F.3d 768, 781 (7th Cir. 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). But "[a]n inmate's correspondence to a prison administrator may . . . establish a basis for personal liability under § 1983 where that correspondence provides sufficient knowledge of a constitutional deprivation." *Perez*, 792 F.3d at 781-82 (citing *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996) ("[A] prison official's knowledge of prison conditions learned from an inmate's communications can, under some circumstances, constitute sufficient knowledge of the conditions to require the officer to exercise his or her authority and to take the needed action to investigate and, if necessary, to rectify the offending condition.")). "In other words, prisoner requests for relief that fall on 'deaf ears' may evidence deliberate indifference." *Perez*, 792 F.3d at 782.

Plaintiff has not pled sufficient facts to state a claim against Warden Butler under this

framework. His assertions that Warden Butler "may have directly participated in the infraction" and that he sent a grievance to Butler are vague, speculative, and completely devoid of information regarding whether Butler actually saw the grievance and whether the grievance was sufficiently detailed so as to put her on notice of an ongoing constitutional violation. (Doc. 8, pp. 4, 6). Accordingly, Warden Butler will be dismissed from this action without prejudice.

Plaintiff also cannot maintain his suit against IDOC, because it is a state government agency. It is well established that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same). IDOC will therefore be dismissed with prejudice from this action.

### Identification of Unknown Defendants

Plaintiff will be allowed to proceed with Count 1 against the unknown defendants, who are identified in the First Amended Complaint as officers working at Menard on Gallery 7 of North 2 during the relevant period. These individuals must be identified with particularity before service of the First Amended Complaint can be made on them. Also, where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009).

For that reason, Menard's current warden, Jacqueline Lashbrook, shall be added as a defendant, in her official capacity only, for the purpose of responding to discovery (informal or formal) aimed at identifying these unknown defendants. Guidelines for discovery will be set by the United States Magistrate Judge. Once the names of the unknown defendants are discovered, Plaintiff must file a motion to substitute each newly identified defendant in place of the generic designation in the case caption and throughout the First Amended Complaint.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** shall **PROCEED** against the **UNKNOWN** defendants, identified in the complaint as the officers working at Menard on Gallery 7 of North 2 during the relevant period, and **JACQUELINE LASHBROOK** (official capacity only), who the **CLERK** is directed to **ADD** as a defendant in this case so that she may participate in discovery aimed at identifying the Unknown defendants with particularity.

**IT IS FURTHER ORDERED** that **ILLINOIS DEPARTMENT OF CORRECTIONS** is **DISMISSED** with prejudice from this action and **BUTLER** is **DISMISSED** without prejudice from this action for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that as to **COUNT 1**, the Clerk of Court shall prepare for **JACQUELINE LASHBROOK** (official capacity only) and **UNKNOWN** defendants **(once identified)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court

will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on **UNKNOWN** defendants until such time as Plaintiff has identified them by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for these individuals.

Plaintiff shall serve upon defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Reona J. Daly** for further pre-trial proceedings and a plan for discovery aimed at identifying the Unknown defendants with particularity. Further, this entire matter shall be

**REFERRED** to United States Magistrate Judge **Daly** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 6/12/2017**

                                                  **s/STACI M. YANDLE**
                                                  **U.S. District Judge**